United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Cricket Wireless LLC, and others,<br>Plaintiffs,<br><br>v.<br><br>Edomir Group, LLC, and others,<br>Defendants. | )<br>)<br>)<br>) Civil Action No. 18-23750-Civ-Scola<br>)<br>)<br>) |

### **Order Granting Joint Motion for Judgment and Permanent Injunction**

This matter comes before the Court on the stipulation of Plaintiffs Cricket Wireless LLC, AT&T Mobility LLC, and AT&T Intellectual Property II, L.P. (collectively "Plaintiffs" or "AT&T"), and Defendants Edomir Group, LLC, and Edwin Orozco (collectively "Defendants" or "Edomir") for entry of a final judgment and permanent injunction against Defendants. The parties have entered into a confidential settlement agreement and have agreed to the terms set forth in this order. (ECF No. 30.) Upon review of the record, the parties' submission, and applicable law, the Court **grants** the parties joint motion (**ECF No. 30**) and enters judgment in favor of the Plaintiffs and against the Defendants.

1. This Court has jurisdiction over all parties and all of the claims set forth in AT&T's Complaint.

2. Based on the parties' stipulation, final judgment of liability is hereby entered against Defendants on all of the claims set forth in AT&T's Complaint.

3. Defendants and each of their respective partners, agents, representatives, employees, servants, heirs, personal representatives, beneficiaries, relatives, contractors, companies, corporations, past and present respective officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, and all other persons acting on behalf of or for the benefit of Defendants or who are in active concert or participation with Defendants, including but not limited to any corporation, partnership, association, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or Defendants' representatives, agents, assigns, employees, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendants who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

a. Purchasing, selling, reselling, transferring, trafficking, altering, unlocking, advertising, soliciting, and/or shipping, directly or indirectly, any new, prepaid mobile phones or devices sold under the AT&T PREPAID™ (f/k/a AT&T GoPhone) or Cricket brands ("AT&T Phones");

b. Unlocking or otherwise modifying any AT&T Phones;

c. Possessing or trafficking in unlock codes or other instrumentalities that avoid, bypass, remove, disable, deactivate, or otherwise impair the technological measures within AT&T Phones that effectively control access to AT&T's proprietary software preinstalled on every AT&T Phone ("AT&T Software");

d. Accessing, altering, erasing, copying, tampering with, deleting or otherwise disabling AT&T Software without AT&T's prior written authorization;

e. Facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction including, without limitation, unlocking, buying, selling, and/or unlocking and alteration of new Prepaid AT&T Phones without AT&T's prior written authorization;

f. Using any of AT&T's Trademarks, including, but not limited to AT&T PREPAID, CRICKET, CRICKET and Design, GO PHONE, GOPHONE, AT&T, AT&T and Design, and the AT&T and Cricket logos, and/or any reproduction, counterfeit, copy, or colorable imitation of AT&T's Trademarks in connection with any of the acts prohibited in this Permanent Injunction, or in any manner likely to cause others to believe that the infringing products or services are connected with AT&T and AT&T's genuine products or services bearing AT&T's Trademarks;

g. Passing off, inducing or enabling others to sell or pass of any AT&T Phones or other items that are not AT&T's genuine merchandise as and for AT&T's genuine merchandise;

h.  Committing any other acts calculated to cause purchasers to believe that Defendants' products and services are AT&T's genuine products and services unless they are such;

i.  Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner items falsely bearing AT&T's Trademarks, or any reproduction, counterfeit, copy or colorable imitation of same;

j.  Moving, destroying, or otherwise disposing of any products, labels, or other items, merchandise or documents falsely bearing AT&T's Trademarks, or any reproduction, counterfeit, copy or colorable imitation of same;

k.  Removing, destroying or otherwise disposing of any computer tapes or disks, business records or documents relating in any way to distribution or sale of AT&T Phones.

4.  The Court retains jurisdiction of this matter to address or enforce any violation of the terms of this Permanent Injunction or the confidential settlement agreement between the parties. A violation of the terms of this Permanent Injunction shall constitute contempt of court.

5.  If one or more Defendants violate the terms of this Permanent Injunction, AT&T shall be entitled to file an Affidavit or Declaration of Violation requesting that the Court order Defendant(s) to pay liquidated damages, jointly and severally from defendants, in the amount of $5,000 for each AT&T Phone, and/or for each unlock code for an AT&T Phone sold or trafficked in violation of this Permanent Injunction. AT&T shall provide at least five (5) business days' notice to Defendant(s) after filing an Affidavit or Declaration of Violation. The Court finds that any amounts awarded under this paragraph are compensatory and reasonable estimations of the minimum damages suffered by AT&T for such a breach and will serve to compensate AT&T for its losses in the event one or more Defendants violate the terms of this Permanent Injunction.

6.  The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

7.  The last known address of Defendant Edomir Group, LLC is 2706 NW 72nd Avenue, Miami, Florida 33122.

8. The last known address of Defendant Edwin Orozco is 8867 West 33rd Avenue, Hialeah, Florida 33018.

9. AT&T and Edomir have advised the Court that they have reached a confidential agreement as to the remaining terms of their settlement.

10. The Court finds that there is no just reason for delay of the entry of judgment against Defendants, and therefore, pursuant to Fed. R. Civ. P. 54(b), directs the Clerk to enter Judgment in favor of Plaintiffs as set forth herein. The Clerk is directed to **close** this case.

**Done and ordered** at Miami, Florida on June 17, 2019.

Robert N. Scola, Jr.
United States District Judge